```
                    ___FILED     ___LODGED
                            ___RECEIVED
                       JUL 23 2018
                     CLERK U.S. DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON AT TACOMA
              BY                              DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC CHRISTENSEN,<br><br>Defendant. | CASE NO. MJ18-5181<br><br>COMPLAINT<br><br>21 U.S.C. § 841(a)(1) & 841(b)(1)(B) |

BEFORE the Honorable Karen L. Strombom, United States Magistrate Judge, Tacoma, Washington.

**COUNT 1**

**Possession of Methamphetamine with Intent to Distribute**

On or about April 12, 2018, in Pierce County, within the Western District of Washington and elsewhere, ERIC CHRISTENSEN, knowingly possessed with intent to distribute methamphetamine, a controlled substance under Title 21, United States Code, Section 812.

It is further alleged that this offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

Complaint: *United States v. Eric Christensen* - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT 2

### Possession of Heroin with Intent to Distribute

On or about April 12, 2018, in Pierce County, within the Western District of Washington and elsewhere, ERIC CHRISTENSEN, knowingly possessed with intent to distribute heroin, a controlled substance under Title 21, United States Code, Section 812.

The United States alleges that the offense involved 100 hundred grams or more of a mixture or substance containing a detectable amount of heroin.

All in violation of All in violation of Title 21, United States Code 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

**The undersigned, Errin Jewell, complainant being duly sworn states:**

1. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I am employed as a Special Agent with the DEA, and have been so employed since July 1999 and am currently assigned to the Seattle Field Division, Tacoma Resident Office. As a Special Agent, I am responsible for the enforcement of the Controlled Substance Act (Title 21, United States Code, Section 801, et seq.). During my career, I have completed DEA Basic Agent Training and other various courses, which have familiarized me with investigations of drug trafficking organizations, methods of importation and distribution of controlled substances, and financial investigations. In addition, I have participated in over three hundred criminal investigations, and approximately five hundred search warrants, involving organizations trafficking in controlled substances and, as a result, have an understanding of the manner in which

narcotics are distributed and the various roles played by individuals and groups in their distribution. I have additionally participated in numerous complex investigations, to include Title III investigations, involving organized crime and large-scale drug trafficking organizations.

3. As a result of my experience in serving these search warrants, I have encountered and have become familiar with various tools, methods, trends, paraphernalia and related articles utilized by various traffickers in their efforts to import, conceal and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their unlawful operations, and how they code their conversations to disguise their unlawful activities.

4. I make this affidavit in support of a complaint to obtain an arrest warrant for ERIC CHRISTENSEN for the offenses of *Possession of Methamphetamine with Intent to Distribute* in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2 and for the offense of *Possession of Heroin with Intent to Distribute* in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2. As set forth below, Defendant possessed approximately 215 grams of heroin and approximately 352 grams of methamphetamine on or about April 12, 2018, in Pierce County, Washington. There is also probable cause to believe that Defendant has previously also distributed lesser amounts of methamphetamine to other individuals.

5. This investigation was conducted by the Puyallup Police Department. In preparing this affidavit, I have spoken with Puyallup Police Department detectives and reviewed reports prepared by them regarding the charge listed herein. The facts set forth in this affidavit arise from my communications with the detectives and my review of relevant documents and reports. I have obtained and read reports prepared by various law enforcement officers participating in this investigation, including but not limited to Detective Greg Massey and officers from the Puyallup Police Department. When I refer

to the criminal history of a subject, I have read the available criminal history from state or federal agencies.

6. As this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of ERIC CHRISTENSEN, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are sufficient for a fair determination of probable cause for the requested arrest warrant. I do not purport to summarize all of the evidence gathered during the course of this investigation, nor does it include all facts known to myself or other agents/detectives involved with this investigation. My reference to information from "law enforcement" means that an agent or officer has supplied the information to me, orally or in writing.

7. The Puyallup Police Department established a confidential source (CS) in April 2018, who immediately began cooperating with law enforcement for the purpose of gaining prosecutorial considerations stemming from a drug-related arrest. The CS agreed to cooperate with law enforcement by providing information about an individual selling controlled substances in Western Washington. The CS admitted to law enforcement to having a past history of controlled substance use and trafficking, which has given the CS an understanding of the controlled substance market in Puyallup, Washington, within Pierce County. The CS has Two prior felonies (theft and robbery) and eleven prior misdemeanors (to include domestic violence, identity theft and robbery). The CS agreed to cooperate with detectives from the Puyallup Police Department for prosecutorial considerations.

8. On or about April 12, 2018, the CS told investigators about a male known only to the CS as "ACE". The CS told investigators that he/she could purchase ounce quantities of methamphetamine from "ACE". The CS agreed to call "ACE" and arrange for the controlled purchase of approximately one ounce of methamphetamine from "ACE" using Puyallup Police funds. Later that same date, under the supervision of Puyallup Police detectives, the CS contacted "ACE" via cellular phone and arranged to purchase approximately one ounce of heroin from "ACE" for approximately $600.

During the conversation, "ACE" and the CS agreed to meet at the Burger King Restaurant parking lot, located at 807 River Road, Puyallup, Pierce County, Washington.

9. Later that same night, Puyallup Police Detectives observed a tan colored Honda arrive in the Burger King parking lot. The CS identified the vehicle as being associated with "ACE". At the direction of detectives, the CS approached the vehicle on foot after he/she had been searched for contraband with negative results and had been provided with approximately $600 in pre-recorded Puyallup Police Department funds.

10. Upon approaching the vehicle, the CS sat in the rear passengers seat. After a few minutes the CS emerged and immediately met with detectives. Upon meeting with the detectives the CS handed over approximately one ounce of suspected heroin that later field-tested positive for the presence of heroin. The CS was then searched again for contraband with negative results.

11. Meanwhile, following the CS's departure from the vehicle, the tan colored Honda departed from the parking lot and began to travel westbound on River Road towards Tacoma. Upon confirming that the controlled purchase had occurred, Puyallup Police patrol units pulled in behind tan Honda and conducted a traffic stop on the vehicle. Upon stopping the vehicle officer identified the driver as Kristopher Morris. The passenger was identified as ERIC CHRISTENSEN. Both occupants were advised of the Miranda Warnings, which they waived.

12. ERIC CHRISTENSEN admitted to officers that he had just delivered heroin to an individual at the Burger King. ERIC CHRISTENSEN further told officers that there were hundreds of grams of heroin and methamphetamine behind the passenger seat of the Honda where he was sitting. ERIC CHRISTENSEN further told officers that he had an outstanding federal arrest warrant stemming from a previous drug arrest.

13. Morris initially told officers that he was just accompanying ERIC CHRISTENSEN to collect a payment, but later admitted that he was driving ERIC CHRISTENSEN to make a drug delivery and that ERIC CHRISTENSEN had a large

1  amount of heroin and methamphetamine behind the passenger seat. Morris further told
2  officers that he had a small amount of drugs under his driver's seat.
3      14.    Both Morris and ERIC CHRISTENSEN were subsequently arrested and
4  charged in Pierce County, Washington for state narcotics law violations.
5      15.    Following their arrest, Puyallup Police Detective Greg Massey applied for
6  and was granted a Pierce County Superior Court search warrant for the tan colored
7  Honda. The subsequent search of the vehicle resulted in the seizure of approximately
8  215 grams of heroin and approximately 352 grams of methamphetamine that was located
9  behind the passenger seat. Detectives also located drug packaging material and a digital
10 scale. Under the front passenger seat detectives located smaller amounts of heroin,
11 methamphetamine and cocaine, along with assorted drug paraphernalia. These items of
12 evidence were seized by the Puyallup Police Department.
13     16.    A review of ERIC CHRISTENSEN's criminal history by detectives
14 revealed that he had an outstanding arrest warrant stemming from federal probation
15 violations that arose from prior convictions for the manufacturing of methamphetamine.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //ss

17. Based upon the facts set forth in this affidavit, I believe that there is probable cause to charge ERIC CHRISTENSEN with *Possession of Methamphetamine with Intent to Distribute* in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2 and for the offense of *Possession of Heroin with Intent to Distribute* in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

_____
Errin P. Jewell, Complainant
Special Agent, DEA

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the defendant committed the offenses set forth in the Complaint.

Dated the 23rd day of July, 2018.

_____
MAGISTRATE JUDGE KAREN L. STROMBOM
United States Magistrate Judge