The Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC CHRISTENSEN,<br><br>Defendant. | NO. CR18-5411-BHS<br><br>PLEA AGREEMENT |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Stephen Hobbs, Assistant United States Attorney for said District, and the Defendant, Eric Christensen, and his attorney, Phil Brennan, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his plea of guilty to the following charges contained in the Indictment:

Count 1: *Possession of Methamphetamine with Intent to Distribute,* in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

Count 2: *Possession of Heroin with Intent to Distribute,* in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering pleas of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses.** The elements of the charged offenses are as follows:

*Possession of Methamphetamine with Intent to Distribute*:
   a. The Defendant knowingly and intentionally possessed ~~heroin~~ methamphetamine, a controlled substance;
   b. The Defendant intended to distribute ~~heroin~~ methamphetamine to others; and
   c. The offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

*Possession of Heroin with Intent to Distribute*:
   a. The Defendant knowingly and intentionally possessed ~~cocaine~~ heroin, a controlled substance;
   b. The Defendant intended to distribute ~~cocaine~~ heroin to others; and
   c. The offense involved 100 hundred grams or more of a mixture or substance containing a detectable amount of heroin.

3. **Penalties.** Defendant understands that the statutory penalties for the crimes to which he is pleading guilty are as follows:

*Possession of Methamphetamine with Intent to Distribute:* Imprisonment for up to forty (40) years, with a mandatory minimum term of five (5) years), a fine of up to five million dollars ($5,000,000), a period of supervision following release from prison of at least four (4) years, and a special assessment of one hundred dollars ($100).

*Possession of Heroin with Intent to Distribute:* Imprisonment for up to forty (40) years, with a mandatory minimum term of five (5) years), a fine of up to five million dollars ($5,000,000), a period of supervision following release from prison of at least four (4) years, and a special assessment of one hundred dollars ($100).

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment or fine imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Drug Offenses.** Defendant understands that by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits under Title 21, United States Code, Section 862a.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    f.   The right to compel or subpoena witnesses to appear on his behalf at trial;

    g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h.   The right to appeal a finding of guilt or any pretrial rulings.

6.    **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.   The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

    b.   After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.   The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** Defendant admits he is guilty of the charged offenses. The parties agree on the following facts:

    a. Prior to the events described below, the Defendant, Eric Christensen, had been convicted in the Western District of Washington of *Conspiracy to Manufacture Methamphetamine* under cause number CR04-354-JCC). On July 15, 2005, the Defendant was sentenced to 100 months and five (5) years of supervised release. The Defendant commenced supervision July 8, 2011. In October of 2012, the Defendant absconded from supervision. At the time of the events below, there was an outstanding federal warrant for the Defendant's arrest.

    b. On or about April 12, 2018, In Pierce County, Washington, the Defendant possessed 352 grams of methamphetamine, a controlled substance. The Defendant admits he possessed the methamphetamine with the intent to distribute it to others. The Defendant admits he possessed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers

    c. On or about April 12, 2018, In Pierce County, Washington, the Defendant possessed 215 grams of heroin, a controlled substance. The Defendant admits he possessed the heroin with the intent to distribute it to others. The Defendant admits he possessed 100 hundred grams or more of a mixture or substance containing a detectable amount of heroin

    d. The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide a basis for any future claims under the "Hyde Amendment," Pub.L.No. 105-119 (1997).

10. **Acceptance of Responsibility.** The United States acknowledges that if the Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), his total offense level should be decreased by three (3) levels because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Stipulation Regarding Recommendation for Sentence.** The parties to agree to recommend a sentence as follows:

The parties will jointly recommend a sentence of 60 months (5 years).

The parties will jointly recommend that the Court impose a four (4) year term of supervised release.

The Defendant understands that the Court may not impose a sentence below the 60-month mandatory minimum term and may impose any sentence up to the statutory maximum.

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. **Resolution of Pending Supervised Release Violations (CR04-354-BHS).** As part of this plea agreement, the Defendant agrees to admit to the supervised release violations 1 to 5 and 8 currently pending under cause number CR04-354-BHS, with all remaining violations to be dismissed.

The parties agree to jointly request that the Court impose a sentence of 21 months as a sanction for the supervised release violations under cause number CR04-354-BHS and that this time run concurrently with the sentence imposed under CR18-5411-BHS.

The parties agree to recommend that supervision be terminated under cause number CR04-354-BHS.

13. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

14. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from his/her conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, under 28 U.S.C. § 2241 to challenge the conviction or sentence, or any other collateral attack against the conviction and sentence, except as it relates to the ineffective assistance of counsel in the negotiation of this plea agreement, or the entry of the guilty plea(s) required by this agreement; and

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

15. **Forfeiture of Contraband.** Defendant also agrees and consents to the administrative forfeiture, official use, and/or destruction of any firearms or contraband seized by any law enforcement agency from the possession of Defendant, or that were in the direct or indirect control of Defendant.

16. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

18. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 17th day of December 2018.

_____
ERIC CHRISTENSEN
Defendant

_____
PHIL BRENNAN
Attorney for Defendant

_____
KATHERYN FRIERSON
Assistant United States Attorney

_____
STEPHEN HOBBS
Assistant United States Attorney

*United States v. Christensen*, CR18-5411-BHS
Plea Agreement - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970