1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

ERIC CHRISTENSEN,

                    Defendant.

CASE NO. CR18-5411 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE

13    This matter comes before the Court on Defendant Eric Christensen's

14 ("Christensen") motion to reduce sentence re Section 404 of the First Step Act.

15 Dkt. 39. The Court has considered the pleadings filed in support of and in

16 opposition to the motion and the remainder of the file and hereby denies the motion

17 for the reasons stated herein.

18    **I.   PROCEDURAL AND FACTUAL BACKGROUND**

19    On July 23, 2018, the Government filed a complaint against Christensen

20 alleging a count for possession of methamphetamine with intent to distribute and a

21 count for possession of heroin with intent to distribute. Dkt. 1. On July 24, 2018,

22 Magistrate Judge Karen Strombom ordered Christensen detained pending trial. Dkt.

1    10. On August 2, 2018, the Government filed an indictment wherein a grand jury

2    charged Christensen with the same two counts listed in the complaint. Dkt. 12. On

3    December 17, 2018, Christensen plead guilty to both charges. Dkt. 23.

4        On April 29, 2019, the Court sentenced Christensen to sixty months of

5    incarceration followed by four years of supervised release. Dkt. 35.

6        On June 15, 2020, Christensen filed the instant motion for compassionate

7    release. Dkt. 39. Christensen, age 59, seeks compassionate release based on his

8    stage III kidney disease and lingering health issues related to his contracting and

9    recovery from COVID-19. On June 19, 2020, the Government responded opposing

10   release. Dkt. 44. On June 26, 2020, Christensen replied. Dkt. 47.

11       On July 6, 2020, the Court requested supplemental responses on certain

12   issues. Dkt. 49.  On July 8, 2020, the Government filed a supplemental response,

13   Dkt. 50, a motion to seal an exhibit attached to the response, Dkt. 51, and the

14   exhibit under seal, Dkt. 52. On July 13, 2020, Christensen filed a supplemental

15   reply. Dkt. 53. On July 16, 2020, Christensen filed a notice of additional authority.

16   Dkt. 54.

17       On August 14, 2020, the Court granted the Government's motion to seal and

18   requested a status report as to Christensen's status as a class member in *Torres v.*

19

20

21

22

1  *Milusnic*, Case No. 20-4450-CBM-PVC(x), 2020 WL 4197285 (C.D. Cal. July 14,

2  2020).[1] On August 21, 2020, the parties filed a joint status report. Dkt. 57.

3  ## II.   DISCUSSION

4       Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a

5  sentence of imprisonment "constitutes a final judgment and may not be modified

6  by a district court except in limited circumstances." *Dillon v. United States*, 560

7  U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are

8  provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the

9  First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows

10 prisoners to directly petition a district court for compassionate release:

11      (A) the court, upon motion of the Director of the Bureau of
   Prisons, or upon motion of the defendant after the defendant has fully

12 exhausted all administrative rights to appeal a failure of the Bureau of
   Prisons to bring a motion on the defendant's behalf or the lapse of 30

13 days from the receipt of such a request by the warden of the
   defendant's facility, whichever is earlier, may reduce the term of

14 imprisonment (and may impose a term of probation or supervised
   release with or without conditions that does not exceed the unserved

15 portion of the original term of imprisonment), after considering the
   factors set forth in section 3553(a) to the extent that they are

16 applicable, if it finds that—
        (i) extraordinary and compelling reasons warrant such a

17 reduction;
        ***

18      and that such a reduction is consistent with applicable policy
   statements issued by the Sentencing Commission; . . . .

19

20

21      [1] *Torres* is a related habeas matter in the Central District of California concerning a
   class of inmates housed at Federal correctional Institution in Lompoc, California ("FCI

22 Lompoc"), which is where Christensen is currently housed. *See* Dkt. 55.

1  18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon

2  motion of a defendant provided that: (1) the inmate has either exhausted his or her

3  administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such

4  a motion on the inmate's behalf or has waited until 30 days after the applicable

5  warden has received such a request; (2) the inmate has established "extraordinary

6  and compelling reasons" for the requested sentence reduction; and (3) the reduction

7  is consistent with the Sentencing Commission's policy statement. *See id.*

8  The Sentencing Commission's policy statement referenced in 18 U.S.C.

9  § 3582(c)(1)(A)(i) provides, in relevant part:

10  [T]he court may reduce a term of imprisonment (and may
impose a term of supervised release with or without conditions that
11  does not exceed the unserved portion of the original term of
imprisonment) if, after considering the factors set forth in 18 U.S.C. §
12  3553(a), to the extent that they are applicable, the court determines
that—
13  (1)(A) Extraordinary and compelling reasons warrant the
reduction;
14  ***
(2) The defendant is not a danger to the safety of any other
15  person or to the community, as provided in 18 U.S.C. § 3142(g); and
(3) The reduction is consistent with this policy statement.
16
United States Sentencing Guidelines ("USSG") § 1B1.13.
17
The Court here focuses on whether Christensen has extraordinary and
18
compelling reasons to warrant the reduction of his sentence. Recently, Judge
19
Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have
20
considered in determining whether a defendant has extraordinary and compelling
21
reasons for compassionate release in the context of COVID-19:
22

(i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease*, see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful and instructive and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with recent COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a

1    defendant housed at a federal correctional institution that had only two inmates

2    infected with COVID-19 did not present an extraordinary and compelling reason);

3    *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D.

4    Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass

5    Index of 32.1, while obese, did not present sufficient evidence of extraordinary and

6    compelling reasons without additional evidence of other risk factors). The Court

7    will exercise its discretion and consider the factors provided by Judge Zilly to

8    determine whether Christensen has extraordinary and compelling reasons.[2]

9        Here, the parties agree that Christensen's chronic kidney disease is

10   "extraordinary and compelling." Dkt. 53 at 2. The CDC has classified chronic

11   kidney disease as a condition that can increase the risk for severe illness from

12   COVID-19.[3] Having a documented medical condition that the CDC considers a

13

---

14       [2] In the application of USSG § 1B1.13, the Commission has described three
categories of potentially "extraordinary and compelling reasons," namely medical

15   condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as
a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors

16   other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d.
1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the

17   passage of the First Step Act of 2018, and district courts have largely found that the
Commission's list of extraordinary and compelling reasons is not binding, but rather

18   helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL
1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country

19   on whether the Commission's list is binding). The Court therefore concludes that, given
the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13,

20   it has discretion to construe the meaning of extraordinary and compelling reasons. *See
Grubbs*, 2020 WL 3839619, at *2 n.2.

21       [3] Center for Disease Control and Prevention, *People with Certain Medical
Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-
with-medical-

22   conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F

1   risk for severe illness is a factor in favor of finding extraordinary and compelling

2   reasons to warrant Christensen's compassionate release. However, Christensen has

3   already been diagnosed with COVID-19. Dkt. 39. As of June 11, 2020, Christensen

4   reported that he was feeling somewhat better, but still had lingering side effects,

5   including "continued fatigue, limited energy to exercise, reduced lung capacity"

6   and "sore throat." *Id.* at 8. However, there is no information in the record indicating

7   that Christensen suffers from any long-term effects of the disease. Indeed,

8   Christensen agrees with the Court's assessment that he "has recovered to a certain

9   extent[.]" Dkt. 53 at 2 (quoting Dkt. 49 at 1). While there is a documented first

10  instance a recovering COVID-19 patient has become reinfected in the United

11  States,[4] Christensen has failed to provide scientific evidence that he remains

12  reasonably susceptible to reinfection. The Court understands that the scientific

13  community's understanding of the virus is evolving, and it may be possible that

14  new scientific evidence will emerge as to reinfection. At this time, because

15  Christensen has already been infected, his chronic kidney disease alone does not

16  amount to an extraordinary and compelling reason to warrant compassionate

17  release.

18

19  _____

    2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Oct. 6,
20  2020).

        [4] Erika Edwards & Akshay Syal, *COVID-19 reinfection reported in Nevada*
21  *patient, researchers say*, NBC News (Aug. 28, 2020)
    https://www.nbcnews.com/health/health-news/covid-19-reinfection-reported-nevada-
22  patient-researchers-say-n1238679.

### III.   ORDER

Therefore, it is hereby **ORDERED** that Christensen's motion for

compassionate release, Dkt. 39, is **DENIED** without prejudice.

Dated this 8th day of October, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge